# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **FRED PONDER,** ) | |
| ) | |
| **Plaintiff,** ) | **CIVIL ACTION NO.** |
| ) | **1:16-CV-04125-ODE-LTW** |
| vs. ) | |
| ) | |
| **OCWEN LOAN SERVICING, LLC,** ) | |
| **et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| _____) | |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT pursuant to FRCP 30(b)(6) and 45, Plaintiff Fred Ponder is issuing the enclosed Subpoena and will take the deposition of StoneTurn Group, LLP ("StoneTurn Group") beginning at 10:00 a.m. Eastern Daylight Time on May 21, 2019, at the office of StoneTurn Group, LLP, 75 State Street, Suite 902, Boston, Massachusetts 02109, or such other location as may be agreed upon by counsel. The deposition will be taken before an officer authorized by law to administer oaths, it will be videotaped and stenographically recorded, and it will continue from day to day until completed. A copy of the subpoena is attached as Exhibit A.

The matters on which examination is requested are:

1. All Audits conducted in connection with any Consent Order entered by Ocwen with the New York Department of Financial Services (NYDFS).

2. All Ocwen borrower electronic or printed loan files produced or provided to StoneTurn Group, LLP by Ocwen for audits in connection with the Consent Orders identified at ¶ 1, *supra.*

Ex. A, p. 1

3. All audits, reports, evaluations, business plans (or the like), summaries or communications generated or received by you regarding the violations, complaints, problems, or compliance issues reported or discovered by **StoneTurn Group, LLP** during and after the audits of Ocwen borrowers' files pursuant to the Consent Orders identified at ¶ 1, *supra*.

4. All documents and communications that refer or relate to Fred Ponder.

5. All communications and other documents, whether electronic or printed, which evidence or relate to Ocwen's compliance with federal or state laws; including, but not limited to, the Consent Orders identified at ¶ 1, *supra*.

Pursuant to FRCP 30(b)(6), StoneTurn Group, LLP must designate one or more persons to testify on its behalf and set forth, for each person designated, the matters on which the person will testify. The persons so designated shall testify as to matters known or reasonably available to StoneTurn Group, LLP.

May 7, 2019.

/s/Orion G. Webb
Orion G. Webb
Georgia Bar No. 47961
**SMITH, WELCH, WEBB & WHITE, LLC**
280 Country Club Drive
Suite 300
Stockbridge, GA 30281
T. (770) 389-4864
F. (770) 389-5193
owebb@smithwelchlaw.com
Attorney for Plaintiff

# CERTIFICATE OF SERVICE

I hereby certify that on this day, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record, and by placing a copy in the United States Mail addressed to STONETURN GROUP, LLP, C/O CORPORATION SERVICE COMPANY, 84 STATE STREET, BOSTON, MA 02109.

        **SMITH WELCH WEBB & WHITE, LLC**

        /s/ Orion Gregory Webb

        Orion Gregory Webb
        Georgia Bar No. 479611
        280 Country Club Drive, Suite 300
        Stockbridge, GA 30281
        Telephone: (770) 389-4864
        owebb@smithwelchlaw.com

        **COUNSEL FOR PLAINTIFF**

# CERTIFICATION OF COMPLIANCE WITH LOCAL RULE 5.1

Plaintiff's counsel hereby certifies that this pleading has been prepared with one of the font and point selections approved by the Court in L.R. 5.1.

        **SMITH, WELCH, WEBB & WHITE, LLC**
        **/s/ Orion G. Webb**
        ORION G. WEBB
        Georgia State Bar No. 479611
        Attorney for Plaintiff

# EXHIBIT "A"

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of Georgia

| | |
|---|---|
| FRED PONDER<br>*Plaintiff*<br>v.<br>OCWEN LOAN SERVICING, LLC, et al.,<br>*Defendant* | )<br>)<br>)  Civil Action No. 1:16-CV-04125-ODE-LTW<br>)<br>)<br>) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: StoneTurn Group LLP, c/o Corporation Service Company, 84 State Street, Boston, MA 02109

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

SEE SCHEDULE A ATTACHED

| Place: StoneTurn Group, LLP, 75 State Street, Suite 902, Boston, MA 02109 | Date and Time: 05/21/2019 10:00 am |
|---|---|

The deposition will be recorded by this method: it will be videotaped and stenographically recorded

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

SEE SCHEDULE B ATTACHED

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

*CLERK OF COURT*

OR

_____     _____
*Signature of Clerk or Deputy Clerk*            *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Fred Ponder
_____ , who issues or requests this subpoena, are:
Orion G. Webb, 280 Country Club Drive, Ste 300, Stockbridge, GA 30281; owebb@smithwelchlaw.com; (678) 583-4809

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Ex. A, p. 5

## SCHEDULE A

1. All Audits conducted in connection with any Consent Order entered by Ocwen with the New York Department of Financial Services (NYDFS).

2. All Ocwen borrower electronic or printed loan files produced or provided to you by Ocwen for audits in connection with the Consent Orders identified at ¶ 1, *supra*.

2. All audits, reports, evaluations, business plans (or the like), summaries or communications generated or received by you regarding the violations, complaints, problems, or compliance issues reported or discovered by you during and after the audits of Ocwen borrowers' files pursuant to the Consent Orders identified at ¶ 1, *supra*.

3. All documents and communications that refer or relate to Fred Ponder.

4. All communications and other documents, whether electronic or printed, which evidence or relate to Ocwen's compliance with federal or state laws; including, but not limited to, the Consent Orders identified at ¶ 1, *supra*.

## SCHEDULE B

1. All Ocwen Loan Servicing, LLC (Ocwen) borrower electronic or printed loan files produced or provided to you by Ocwen for audits in connection with any Consent Order entered by Ocwen with the New York Department of Financial Services (NYDFS).

2. All audits, reports, evaluations, business plans (or the like), summaries or communications generated or received by you regarding the violations, complaints, problems, or compliance issues reported or discovered by you during and after the audits of Ocwen borrowers' files pursuant to the Consent Orders identified at ¶ 1, *supra*.

3. All documents and communications that refer or relate to Fred Ponder.

4. All communications and other documents, whether electronic or printed, which evidence or relate to Ocwen's compliance with federal or state laws; including, but not limited to, the Consent Orders identified at ¶ 1, *supra*.

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
  **(i)** is a party or a party's officer; or
  **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

 **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

  **(i)** fails to allow a reasonable time to comply;
  **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
  **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  **(iv)** subjects a person to undue burden.
 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

  **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
  **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  **(i)** expressly make the claim; and
  **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).