UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FRED PONDER,<br><br>      Plaintiff,<br><br>v.<br><br>OCWEN LOAN SERVICING, LLC,<br><br>      Defendant. | *<br>*<br>*<br>*<br>*<br>*   Civil Action No. 19-mc-91215-ADB<br>*<br>*<br>*<br>*<br>* |

**MEMORANDUM AND ORDER ON DEFENDANT'S MOTION TO QUASH**

BURROUGHS, D.J.

Currently pending before the Court is Defendant Ocwen Loan Servicing, LLC's ("Ocwen") motion to quash a subpoena duces tecum issued by Plaintiff Fred Ponder to non-party StoneTurn Group, LLC ("StoneTurn"). For the reasons set forth below, Defendant's motion to quash [ECF No. 1] is GRANTED.

**I.  BACKGROUND**

Mr. Ponder, alleging credit reporting issues related to his mortgage, has sued Ocwen, his mortgage servicer, under the Fair Credit Reporting Act, the Fair Debt Collection Practices Act, and the Real Estate Settlement Procedures Act. See Second Am. Compl., Ponder v. Ocwen Loan Servicing, LLC, No. 16-cv-04125 (N.D. Ga. Nov. 6, 2017). Prior to this lawsuit, in 2011, 2012, and 2014, Ocwen entered into several Consent Orders with the New York Department of Financial Services ("NY DFS"). [ECF No. 2 at 2 n.3]. StoneTurn served as one of the Compliance Monitors for a Consent Order dated December 5, 2012. [Id.]. At the termination of its two-year engagement, which began in June 2013, StoneTurn was required to return all documents and material belonging to Ocwen, NY DFS, and other regulators. [Id. at 5–6].

The parties have been engaged in discovery since the end of 2018. During that time, Mr. Ponder has served Ocwen with 32 interrogatories, 230 requests for admissions, and 62 requests for production. [Id. at 3]. These requests have included: "all reports by the Compliance Monitor identified in ¶ 9" of the December 19, 2014 Consent Order and "all reports by the Operations or Compliance Monitors generated" pursuant to the December 19, 2014 Consent Order. [Id.].

On May 7, 2019, Mr. Ponder issued a subpoena duces tecum to StoneTurn ("Subpoena"). [ECF No. 2-1]. The Subpoena commanded StoneTurn to appear on May 21, 2019 for a 30(b)(6) deposition and to produce the following documents:

1. All Ocwen Loan Servicing, LLC (Ocwen) borrower electronic or printed loan files produced or provided to you by Ocwen for audits in connection with any Consent Order entered by Ocwen with the New York Department of Financial Services (NYDFS).

2. All audits, reports, evaluations, business plans (or the like), summaries or communications generated or received by you regarding the violations, complaints, problems, or compliance issues reported or discovered by you during and after the audits of Ocwen borrowers' files pursuant to the Consent Orders identified at ¶ 1, *supra*.

3. All documents and communications that refer or relate to Fred Ponder.

4. All communications and other documents, whether electronic or printed, which evidence or relate to Ocwen's compliance with federal or state laws; including, but not limited to, the Consent Orders identified at ¶ 1, *supra*.

[Id. at 7]. Ocwen filed the instant motion to quash on May 17, 2019. [ECF No. 1].[1]

## II. DISCUSSION

### A. Legal Standard

Federal Rule of Civil Procedure 45 allows parties to serve third-party subpoenas. See Fed. R. Civ. P. 45. The scope of discovery that may be sought from a non-party is the same as

---

[1] Ocwen also filed a motion for a protective order relating to the Subpoena in the Northern District of Georgia on May 13, 2019. Mot. for Protective Order, Ponder v. Ocwen Loan Servicing, LLC, No. 16-cv-04125 (N.D. Ga. May 13, 2019).

what may be sought from a party under Federal Rule of Civil Procedure 34, but parties serving non-party subpoenas are required to "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena."  Fed. R. Civ. P. 45(d)(1); Fed. R. Civ. P. 45 advisory committee's note to 1991 amendment.  A court "must quash or modify a subpoena that: . . . subjects a person to undue burden" on timely motion from a party or non-party.  Fed. R. Civ. P. 45(d)(3).  "When determining whether a subpoena duces tecum results in an undue burden on a party such factors as 'the relevance of the documents sought, the necessity of the documents sought, the breadth of the request . . . expense and inconvenience' can be considered."  Behrend v. Comcast Corp., 248 F.R.D. 84, 86 (D. Mass. 2008) (quoting Demers v. LaMontagne, No. 98-cv-10762, 1999 WL 1627978, at *2 (D. Mass. May 5, 1999)).

A party has standing to move to quash a non-party subpoena if the information sought by the subpoena implicates a personal right or privilege of the party.  See S.E.C. v. Present, No. 14-cv-14692, 2016 WL 10998438, at *3 (D. Mass. Mar. 11, 2016) ("A party has standing to quash a subpoena served on a non-party only if he has a personal right or privilege with respect to the requested information."); Enargy Power (Shenzhen) Co. v. Xioalong Wang, No. 13-cv-11348, 2014 WL 2048416, at *2 n.4 (D. Mass. May 16, 2014) (similar).  "The personal right or privilege claimed need not be weighty: parties need only have *some* personal right or privilege in the information sought to have standing to challenge a subpoena to a third party."  S.E.C. v. Navellier & Assocs., Inc., No. 17-cv-11633, 2019 WL 688164, at *2 (D. Mass. Feb. 19, 2019) (quoting Degrandis v. Children's Hosp. Bos., 203 F. Supp. 3d 193, 198 (D. Mass. 2016)).

**B.    Analysis**

The Subpoena seeks the Ocwen loan files that were provided to StoneTurn for auditing, documents related to the audits, and "documents and communications that refer or relate to Fred

Ponder." See [ECF No. 2-1 at 7]. Ocwen therefore has standing to move to quash the Subpoena because the information sought implicates its personal rights and privileges. See, e.g., Cabi v. Bos. Children's Hosp., No. 15-cv-12306, 2017 WL 8232179, at *3 (D. Mass. June 21, 2017) (finding that defendant had standing to challenge subpoena to third-party that would require production of privileged information that defendant had shared with third-party); Degrandis, 203 F. Supp. 3d at 198 (finding that plaintiff-employee had standing to challenge subpoena to third-party union where "the materials may be privileged").

The documents sought from StoneTurn appear to largely consist of documents given to StoneTurn by Ocwen. In lieu of waiting to review the records Ocwen produces or postponing any third-party subpoenas until discovery disputes on these subject matters are adjudicated by the Northern District of Georgia, Mr. Ponder seeks to immediately burden a third-party with requests that may be fulfilled by Ocwen during the course of discovery. Courts have recognized that if "material sought by subpoena is readily available" to a party in the action, as it likely is here, then "obtaining it through subpoena on a nonparty often will create an undue burden." New England Compounding Pharmacy, Inc. Prod. Liab. Litig., No. 13-md-02419, 2013 WL 6058483, at *7 (D. Mass. Nov. 13, 2013) (quoting Gray v. Town of Easton, No. 3:12-cv-00166, 2013 WL 2358599, at *3 (D. Conn. May 29, 2013)). A party may avoid a finding of undue burden in instances where it "can show that it is more expeditious to obtain the documents from" the non-party, but there is no indication that obtaining these documents from StoneTurn will be more expeditious than obtaining them from Ocwen. See id. Furthermore, given the likelihood that the Subpoena is duplicative of discovery available from Ocwen, a party to this litigation, it is unnecessary and unduly burdensome to require StoneTurn to produce these documents at this juncture. See Behrend, 248 F.R.D. at 86. For these reasons, the Subpoena imposes an undue

burden on StoneTurn, particularly given the likelihood that the documents sought are in the possession of a party to this litigation, and therefore must be quashed.  See Fed. R. Civ. P. 45(d)(3); Behrend, 248 F.R.D. at 86.

### III.    CONCLUSION

Accordingly, Ocwen's motion to quash [ECF No. 1] is GRANTED.  Mr. Ponder has leave to re-issue a subpoena duces tecum to StoneTurn if necessary following receipt of Ocwen's production of discovery material and resolution of the other pending discovery motions.

**SO ORDERED.**

May 24, 2019                                                                                        /s/ Allison D. Burroughs
                                                                                                            ALLISON D. BURROUGHS
                                                                                                            U.S. DISTRICT JUDGE